UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VUTEK, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:07CV1886 CDP |
| | ) | |
| LEGGETT & PLATT, INCORPORATED and L&P PROPERTY MANAGEMENT COMPANY, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

VUTEk, Inc. brought this action under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), seeking a declaration of non-infringement and invalidity of a patent belonging to Leggett & Platt, Inc. and L&P Property Management Co. ("L&P"). I previously declared a related patent invalid in an infringement suit brought by L&P against VUTEk. An appeal is pending of that decision. L&P seeks dismissal of this declaratory judgment case for lack of subject-matter jurisdiction, arguing that no justiciable case or controversy exists. I conclude that under the totality of the circumstances, VUTEk's allegations meet the threshold requirements for jurisdiction under the Declaratory Judgment Act, so I will deny the motion to dismiss.

Background

VUTEk's complaint seeks a declaration that none of its products infringe U.S. Patent No. 7,290,874 (the '874 Patent), which was issued to Richard Codos, and assiged to L&P, on November 6, 2007. It also seeks a declaration that the patent is invalid and that it is unenforceable because of L&P's inequitable conduct before the U. S. Patent & Trademark Office. The '874 patent relates to ink jet printers using cold UV light to cure the inks. It is a continuation of Patent No. 6,755,518 (the '518 patent), which is also held by Codos and L&P, and which also relates to cold UV ink jet printing technology.

In May of 2005, L&P sued VUTEk, alleging that VUTEk infringed the '518 patent. I granted summary judgment to VUTEk in December of 2006, concluding that the '518 patent was invalid. Leggett & Platt, Incorporated v. VUTEk, Inc., 4:05CV788 CDP (E.D. Mo. December 26, 2006). L&P appealed, and the appeal is pending in the Court of Appeals for the Federal Circuit, Docket No. 2007-1515.

While the suit concerning the '518 patent was being litigated, L&P was prosecuting the '874 patent. VUTEk alleges, among other things, that L&P wrongfully failed to inform the USPTO of numerous facts about the '518 litigation, and that L&P took positions before the patent office that were contrary to the positions it was taking in the litigation.

After the USPTO notified L&P that the claims would be allowed, L&P's Deputy General Counsel telephoned VUTEk's General Counsel and suggested that the parties have additional discussions. He made statements indicating that L&P believed VUTEk's products infringed the new patent as well as the '518 patent. The parties did have additional discussions, which included discussions about both patents. The later discussions were covered by a non-disclosure agreement, although that agreement does not specifically address a potential declaratory judgment action. I will not describe the agreement or the information shared by the parties in any detail, as I do not believe it is necessary for my decision. I need not resolve, and am not now resolving, the parties' disagreement about the scope of the agreement or about whether it applied to any particular information.

## Discussion

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) allows a party to challenge the complaint either factually or on its face. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). I may consider matters outside the pleadings in deciding this motion. Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). "Jurisdictional issues, whether they involve questions of law or fact, are for the court to decide." Id. at 729; see also Cedars-Sinai Med. Ctr. v.

Watkins, 11 F.3d 1573 (Fed. Cir. 1993).  VUTEk bears the burden of proving that jurisdiction exists in this case.  Osborn at 730.

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), grants jurisdiction "In a case of actual controversy . . . ."  The Supreme Court recently reexamined the "actual controversy" requirement of the Declaratory Judgment Act in the context of a patent case in MedImmune, Inc. v. Genentech, Inc., 127 S. Ct. 764 (2007).  In that case, the Supreme Court rejected the Federal Circuit's "reasonable apprehension of suit" test, and instead stated: "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  Id. at 771.  The Court pointed out that cases and controversies that are "justiciable under Article III" of the United States Constitution meet the "actual controversy" requirement of the Declaratory Judgment Act.  Id.

In following MedImmune, the Federal Circuit has held that Article III jurisdiction will be met "where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do."  Sandisk Corp. v. STMicroelectonics, Inc., 480 F.3d 1372, 1381 (Fed. Cir. 2007).  The outer

boundaries of declaratory judgment jurisdiction have not been defined, but the Federal Circuit gave some guidance when it stated:

> [W]here a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where that party contends that its has the right to engage in the accused activity without a license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights.

Id. Generally, jurisdiction "will not arise merely on the basis that a party learns of the existence of a patent owned by another or even perceives such a patent to pose a risk of infringement, without some affirmative act by the patentee." Id.

A history of patent litigation between the parties can provide a jurisdictional basis under certain circumstances. See Kos Pharm. v. Barr Lab., Inc., 242 F. Supp. 2d 311, 315 (S.D.N.Y. 2003). In applying the "reasonable apprehension" test, the district court in Kos found that a prior history of patent litigation between the parties supported a finding of jurisdiction where "the litigation between the parties involved the same technology as the patent that is subject to the declaratory judgment action before the Court." Id. The plaintiff had alleged that defendant infringed two patents, and defendant sought declaratory judgment that its product did not infringe two additional patents. Id. at 313-14. There was also evidence that plaintiff had made a public statement that it would "vigorously enforce [its]

patent rights." Additionally, the plaintiff had refused to sign a covenant not to sue on the patents. Id. at 315-316.

Although this case does not have the same type of public statements or refusal to sign a covenant not to sue as were present in Kos, the history of litigation is quite similar. VUTEk and L&P are involved in ongoing litigation concerning the '518 patent. That lawsuit was hotly contested at the trial court level, and apparently continues to be hotly contested on appeal. The '874 patent is a continuation of the '518 patent. It involves cold UV printing technology, as did the patent that was at issue in the earlier litigation. The patent covers much of the same technology, although the claims are admittedly different. Most importantly, a cursory review of the patent and the arguments made previously convinces me that at least some of L&P's claims of infringement regarding the '518 patent could also be made as to the '874 patent. The fact that L&P's counsel initiated discussions with VUTEk's counsel so soon after L&P learned that its new claims were going to be approved and suggested that VUTEk would need a license supports the conclusion that there is a justiciable controversy. It is not necessary to discuss exactly what was said or what may have been covered or not covered by the non-disclosure agreement to see that there is a real dispute regarding the new patent. Finally, even in all of its briefs in this court, L&P has never disavowed a

claim of infringement.

I conclude that this case meets the case or controversy requirement of the Declaratory Judgment Act, and I will deny L&P's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [#21] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of February, 2008.