UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VUTEK, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:07CV1886 CDP |
| | ) |
| LEGGETT & PLATT, INC. and | ) |
| L&P PROPERTY MANAGEMENT | ) |
| CO., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This case originated as a patent dispute between plaintiff VUTEk, Inc. and defendants Leggett & Platt, Inc. and L&P Property Management Co. (collectively L&P). VUTEk is seeking a declaratory judgment that its products, certain printers, do not infringe L&P's patent and that L&P's patent is invalid. VUTEk chose to file this suit in this district because I had previously ruled on another patent dispute between the parties. In response to this lawsuit, L&P filed three counterclaims. Two of these counterclaims raised the same patent issues, but the third arose out of the filing of this lawsuit, and alleges a breach of contract claim against VUTEk and its parent company, Electronics For Imaging, Inc. VUTEk and EFI now seek to sever and transfer the breach of contract counterclaim. After careful consideration of the factors outlined in 28 U.S.C. § 1404(a), I will deny the

motion to sever and transfer.

## Discussion

VUTEk and EFI seek to sever and transfer Count III of L&P's counterclaim based on a forum selection clause in the non-disclosure agreement. The breach of contract claim arises out of and relates to the non-disclosure agreement. The parties agree that the forum selection clause is valid, enforceable, and applicable to Count III of L&P's counterclaim, and they agree that the forum selection clause only applies to Count III. Further, the parties agree that this is not a case of misjoinder, nor is the breach of contract claim a compulsory counterclaim, as it is not inextricably intertwined with the other claims.

Rule 21 of the Federal Rules of Civil Procedure states, in part, "Any claim against a party may be separated and proceeded with separately." Fed. R. Civ. P. 21. I have broad discretion in deciding whether to grant severance. United States v. O'Neil, 709 F.2d 361, 369 (5th Cir. 1983); see also Lis v. Robert Packer Hospital, 579 F.2d 819, 824 (3d Cir. 1978); Toro Co. v. Alsop, 565 F.2d 998, 1000-01 (8th Cir. 1977). I may properly deny severance if I believe that severance "will only result in delay, inconvenience, or added expense." 7 Charles Alan Wright, et al., Federal Practice and Procedure § 1689 at 518-19 (3d ed. 2001); see also School-Link Technologies, Inc. v. Applied Resources, Inc., 2005 WL

1799259, at *4 (D. Kan. July 1, 2005).

Severance in this case would only result in inconvenience and added expense. Count III of L&P's counterclaim arises out of the original complaint in this lawsuit and the actions at issue involve disclosures of confidential information to this Court. Although the claims are not inextricably intertwined, they are appropriately joined and share issues of common fact. It seems inequitable to me that VUTEk can choose to sue L&P in this district, likely because VUTEk received a favorable result from this Court in a previous case, but then argue for severance and transfer of L&P's breach of contract counterclaim arising out of this suit. L&P should not have to expend its resources in pursuing two separate actions against VUTEk, when VUTEk chose to initiate the declaratory judgment action against L&P in this Court. While the parties' previous actions in Leggett & Platt v. VUTEk, 4:05CV788 CDP indicate that the expense of this litigation does not appear to be a motivating factor for either party, the expense of litigation for the courts and the parties does affect my decision. I believe this matter would be most efficiently resolved if the breach of contract claim is not severed.

I must then consider whether I should transfer this case to the Northern District of California under 28 U.S.C. § 1404(a). I conclude that the interests of convenience and fairness weigh against transferring this case. A motion to

transfer to a more convenient forum is governed by 28 U.S.C. § 1404(a), which provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The determination of whether to transfer a case is within my discretion and should be made according to an "individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). Generally a plaintiff's choice of forum is granted great weight, but the presence of a forum-selection clause is "a significant factor that figures centrally" in my evaluation of a motion to transfer. See Terra Int'l, Inc. v. Mississippi Chem. Corp., 119 F.3d 688, 695-96 (8th Cir. 1997).[1]

In determining whether to transfer this case, I should consider the following factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of

---

[1] The Eighth Circuit has explicitly refused to rule on the issue of whether a forum selection clause shifts the burden of proof to the party resisting the clause's enforcement. Terra, 119 F.3d at 696. My decision in this case does not depend on which party bears this burden. Even if the burden shifted to L&P to establish that transfer would be inequitable, L&P has met its burden.

the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Chrysler Credit Corp v. Country Chrysler, 928 F.2d 1509, 1516 (10th Cir. 1991) (quotation omitted) (cited with approval in Terra, 119 F.3d at 696).

The forum selection clause here only applies to L&P's third counterclaim and not to the other claims, and I believe that VUTEk would not want this entire case transferred to California.[2] The plaintiff's choice of forum in this case weighs in favor of keeping this case in Missouri; VUTEk wishes to have the patent issues litigated here, and L&P indicates that it wishes to have its breach of contract counterclaim litigated in one action with the patent litigation.

Additionally, the convenience of the witnesses in this case appears to weigh in favor of a Missouri venue or is evenly distributed between California and Missouri. While two of VUTEk's witnesses will have to travel to Missouri from California, L&P's witnesses reside in this state, even if they do not reside in this district.

Ultimately, I believe that the interests of justice favor my retention of this

---

[2]The parties briefs appear to assume that I would sever the breach of contract counterclaim. Therefore, all of their arguments center around the issues involved in that claim, namely the forum selection clause and the location of witnesses for that claim.

case. First, I am already familiar with the factual issues involved in this case. The patent issues involve my ruling in the previous litigation, and the breach of contract claim arises out of the filing of information with this Court in this case. Second, most of the issues in this case are patent issues, and I can just as easily apply federal law as any other court. Although Count III may rest on California law, this factor is of little weight because such legal issues are not unsettled or complex. Finally, the congestion of the dockets in the Northern District of California compared to those of this court favors retention as the dockets of that district are significantly more congested than dockets in this district. See 2007 Dir. of the Admin. Office Ann. Rep. 153-55.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to sever and transfer [#75] is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of June, 2008.