UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VUTEK, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:07CV1886 CDP |
| | ) |
| LEGGETT & PLATT, INC., et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This case involves a patent dispute that has been ongoing between the parties for several years. Currently pending before me is plaintiff VUTEk's summary judgment motion, in which VUTEk seeks to invalidate the defendants' '874 patent. The parties have submitted voluminous briefs and exhibits relating to the motion. Many of the items on which the parties disagree are issues that have been previously resolved by this Court, and I am not inclined to revisit those arguments. Additionally, because the parties' briefs were filed before the Federal Circuit decision in the related case was final, it is not clear whether the parties are now still pressing some of the arguments made in the briefs. In an effort to simplify the issues in the summary judgment motion, I will order the parties to submit supplemental briefs that focus on the narrow issues that have yet to be resolved. I will also set this matter for oral argument.

## Background and Discussion

The parties are both companies that make and hold patents for certain ink jet printers. The current law suit is a continuation of an earlier dispute that was litigated in *Leggett & Platt, Inc. v. Vutek, Inc.*, Case No. 4:05CV788CDP. In that case, Leggett sued VUTEk, claiming that VUTEk was infringing Leggett's '518 patent. VUTEk moved for summary judgment on the claims asserted against it. In a memorandum and order dated December 26, 2006, I granted VUTEk's motion, and ruled that Leggett's '518 patent was invalid for three reasons. First, certain claims in the patent were anticipated by an earlier patent held by VUTEk (the '823 patent). Second, other claims in Leggett's patent were invalid because they were obvious in light of teachings disclosed in two previous VUTEk patents (the '823 patent and the '355 patent). Finally, all disputed claims in the patent were invalid because they were indefinite. *See Leggett & Platt, Inc. v. Vutek, Inc.*, No. 4:05CV788CDP, 2006 WL 3813677 (E.D. Mo. Dec. 26, 2006).

Leggett appealed this ruling to the Federal Circuit. The Federal Circuit affirmed my ruling on August 21, 2008 and later denied a request for a rehearing en banc. *Leggett & Platt, Inc. v. Vutek, Inc.*, 537 F.3d 1349 (Fed. Cir. 2008).

Meanwhile, at the same time that lawsuit was ongoing, Leggett was in the process of prosecuting a new patent (the '874 patent) before the Patent and Trademark Office. The PTO issued the '874 patent on November 6, 2007. The

'874 patent is a continuation of the invalidated '518 patent and discloses a similar apparatus and method for ink jet printing.

The same day the '874 patent was issued, VUTEk brought the current suit, seeking to invalidate it. VUTEk seeks declarations of non-infringement and invalidity, as well as a declaration that the '874 patent is unenforceable because Leggett committed fraud before the PTO in prosecuting the patent. Leggett has counterclaimed for infringement and breach of contract. VUTEk's summary judgment motion seeking to invalidate the '874 patent is now pending before the Court.

The summary judgment order issued in the previous case resolved a number of disputes with regard to both L&P's '518 patent and VUTEk's '823 patent. In particular, that order held that VUTEk's '823 patent "(1) includes a cold UV curing assembly, (2) discloses substantially curing ink at the printhead, (3) inherently minimizes substrate deformation, and (4) discloses alternately energizing the curing lamps."[1] *Leggett*, No. 4:05CV788, slip op. at 6 (E.D. Mo. Dec. 26, 2006). These facts remain true today, and I will not revisit them. I will also not revisit the central holding of that case (affirmed by the Federal Circuit) that the disputed claims disclosed in the '518 patent are invalid because they are

---

[1] As used here, the terms "cold UV," "deformation," and "substantially curing" continue to have the meaning ascribed to them in the *Markman* order from the earlier case, dated May 25, 2006. *Leggett & Platt, Inc. v. Vutek, Inc.*, No. 4:05CV788CDP, 2006 WL 1479537 (E.D. Mo. May 25, 2006).

anticipated or obvious in light of prior known art.  Finally, I will not revisit my ruling as to indefiniteness, holding that the terms "deform, deforming, and deformation" as used in the '518 patent are not amenable to reasonable construction. *Id*. at 18.

The briefs submitted by the parties in support and opposition to the current summary judgment motion are extensive.  The briefs are confusing, however, because they repeatedly make reference to and re-argue issues that were settled in the prior litigation.  Arguments that my earlier order was wrong or that the Federal Circuit decision was wrong are not helpful.  The parties must instead focus on the current '823 patent.  The parties must demonstrate why the claims disclosed in that patent are valid or invalid, and show why the '823 patent is either materially different or the same as the '518 patent.  The parties should not address any of the issues relating to alleged fraud on the PTO with regard to the '823 patent, as those issues have been adequately briefed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall, no later than **April 13, 2009**, submit a supplemental brief (not to exceed 15 pages) in support of its motion for summary judgment.  Defendants may submit a supplemental response (not to exceed 15 pages) not later than **April 27, 2009**.

**IT IS FURTHER ORDERED** that this matter is set for oral argument on **Thursday, May 7, 2009 at 9:00 a.m.** in Courtroom 14-South.

**IT IS FURTHER ORDERED** that defendants' motion [#85] to strike plaintiff's statement of material facts is DENIED.

**IT IS FURTHER ORDERED** that defendants' motion [#110] for leave to file the PTO's notice of allowance is GRANTED.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 24th day of March, 2009.